989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert CONWAY, Appellant,
v.
Willis SARGENT, Warden, Cummins Unit ADC; James Banks,
Classification Officer, Cummins Unit ADC, Appellees.
 No. 92-1924.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 5, 1993.
Filed: March 31, 1993.
 
 Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Conway appeals from a final judgment entered by the United States Magistrate Judge[1] for the Eastern District of Arkansas dismissing his complaint filed under 42 U.S.C. § 1983, following an evidentiary hearing. Conway contended his Eighth Amendment rights were violated when he was forced to work beyond his physical ability. For the reasons discussed below, we affirm the judgment of the magistrate judge.
 
 
 2
 Conway, an inmate confined at the Cummins Unit of the Arkansas Department of Correction, is an epileptic with a history of inguinal hernia. Conway alleged that in November 1988, after he was forced to work outside in hot weather, he suffered a blackout and fell, breaking both jaws and losing his upper front teeth. He alleged the prison doctors had warned defendant prison officials that he could not perform strenuous work or outside labor. Conway sought compensatory and punitive damages against Warden Willis Sargent and Classification Officer James Banks for their reckless disregard of his physical condition.
 
 
 3
 After setting the case for an evidentiary hearing, the magistrate judge denied as moot Conway's motion for production of documents. At the conclusion of the evidentiary hearing, the magistrate judge made oral findings of fact and conclusions of law. The magistrate judge found that Conway suffered what was probably a grand mal seizure on November 22, 1988, after working on the outside building utility squad. He was taken to the hospital for treatment for his injuries, and his body level of seizure-prevention medication was low. He returned to the outside building utility squad after his convalescence, and his classification was later reduced in August 1989. James Banks testified that the job assignment was entirely consistent with the medical limitations on Conway's medical classification form, and he could find no notations of objections by Conway to the job assignment. Bill Marks, the infirmary administrator, testified that neither exertion nor extreme heat plays a role in seizure-onset, so long as the patient maintains the proper dose level of medication. The magistrate judge concluded Conway had a serious medical need, but Sargent and Banks were not deliberately indifferent to that need.
 
 
 4
 On appeal, Conway argues defendants were deliberately indifferent to his serious medical need. Defendants argue the magistrate judge's findings are not clearly erroneous. Conway moves for appointment of counsel on appeal.
 
 
 5
 Upon our review of the trial transcript, we conclude the evidence presented at trial supported the magistrate judge's findings that Conway's job assignment was consistent with his medical classification and that the low level of medication, rather than the air temperature and the exertion required to perform his job assignment, contributed to Conway's seizure. We conclude that the magistrate judge's findings of fact are not clearly erroneous, and the conclusions of law are supported by the record. The motion for appointment of counsel is denied.
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)